UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVEN MICHAEL WISE,

Plaintiff,

v.

ARAMARK, et al.,

Defendants.

Case No. 26-cv-01408-RMI

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Re: Dkt. Nos. 12, 13, 16

Plaintiff, a detainee proceeding pro se, filed a civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend, and Plaintiff filed an amended complaint.

**DISCUSSION**

**1.  Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity, or from an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1), (2). Pleadings submitted by pro se parties must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While specific facts are not necessary, the statement needs to give the defendant fair notice of the nature of the claim and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Although a plaintiff need not include

detailed factual allegations in a complaint, the complaint must do more than recite elements of a cause of action and state conclusions; rather, a plaintiff must state factual allegations sufficient to raise the entitlement to relief "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The Supreme Court has explained the standard this way: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations . . . [and] [w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### 2. Legal Claims

Plaintiff alleges that he was not provided proper food at San Francisco County Jail.

When a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). "'[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law.  Where the State seeks to impose punishment without such an adjudication, the pertinent guarantee is the Due Process Clause of the Fourteenth Amendment.'" *Id*. (quoting *Ingraham v. Wright*, 430 U.S. 651, 671-72 n.40 (1977)). The state may detain a pretrial detainee "to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment or otherwise violate the Constitution." *Id*. at 536-37.

"Jail officials have a duty to ensure that detainees are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Shorter v. Baca*, 895 F.3d 1176, 1185 (9th

Cir. 2018). However, the Constitution "requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing." *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993).

Plaintiff states that the food portions provided by the jail were too small and each morning he would receive food with peanut butter, which he was unable to eat due to an allergy. Because the peanut butter touched other food items, he could not eat any of the food when peanut butter was provided. As a result, he became sick and lost weight.

Plaintiff identifies no specific Defendants other than Aramark which is the company that provides the food to the jail. The complaint is dismissed with leave to amend to provide more information. Plaintiff must identify specific jail staff who provided him with the meals, and he must describe what actions he took or who he informed that he was allergic to peanut butter and was missing many meals. To the extent it was an Aramark employee who was involved in distributing the food and resolving allergy issues, Plaintiff must identify that individual. He should also describe how much weight he lost and how became sick. Ultimately, Plaintiff must demonstrate that Defendants intended to punish him.

### CONCLUSION

1.    The motions for mediation and for service (dkts. 12, 13, 16) are **DISMISSED** without prejudice. It is too early in the litigation to raise these matters.

2.    The amended complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The second amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed, and it must include the caption and civil case number used in this order and the words "SECOND AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the original Complaint by reference. Failure to amend within the designated time will result in dismissal of this case.

3.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk, headered "Notice of

United States District Court
Northern District of California

Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: May 27, 2026

ROBERT M. ILLMAN
United States Magistrate Judge

United States District Court
Northern District of California