UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVEN MICHAEL WISE,

Plaintiff,

v.

ARAMARK, et al.,

Defendants.

Case No. 26-cv-01408-RMI

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Re: Dkt. Nos. 18, 19, 20

Plaintiff, a detainee proceeding pro se, filed a civil rights complaint. The amended complaint was dismissed with leave to amend, and Plaintiff filed a second amended complaint.

**DISCUSSION**

**1. Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity, or from an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). Pleadings submitted by pro se parties must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While specific facts are not necessary, the statement needs to give the defendant fair notice of the nature of the claim and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Although a plaintiff need not include detailed factual allegations in a complaint, the complaint must do more than recite elements of a cause of action and state conclusions; rather, a plaintiff must state factual allegations sufficient to raise the entitlement to relief "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S.

United States District Court
Northern District of California

544, 555 (2007). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The Supreme Court has explained the standard this way: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations . . . [and] [w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**2. Legal Claims**

Plaintiff alleges that he was the victim of excessive force by a deputy and his due process rights were violated with respect to placement in a disciplinary cell.

The Due Process Clause of the Fourteenth Amendment protects a post-arraignment pretrial detainee from the use of excessive force that amounts to punishment. *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 535–39 (1979)). To prove an excessive force claim under Section 1983, a pretrial detainee must show only that the "force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). "A court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id*. "[O]bjective reasonableness turns on the 'facts and circumstances of each particular case.'" *Id*. (quoting *Graham*, 490 U.S. at 396). A non-exhaustive list of considerations that may bear on the reasonableness of the force used include "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiffs injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Kingsley*, 576 U.S. at 397.

A court presented with a procedural due process claim by a pretrial detainee should first ask if the alleged deprivation amounts to punishment and therefore implicates the Due Process Clause itself; if so, the court then must determine what process is due. *See, e.g., Bell*, 441 U.S. at 537–38. If the alleged deprivation does not amount to punishment but does implicate a liberty interest arising from a state statute or regulation, a pretrial detainee's due process claim is not analyzed under *Sandin v. Conner*, 515 U.S. 474 (1995), which applies to convicted prisoners, but rather under the law as it was before *Sandin*. *See Valdez v. Rosenbaum*, 302 F.3d 1039, 1041 n.3 (9th Cir. 2002). The proper test to determine whether detainees have a protected liberty interest is set out in *Hewitt v. Helms*, 459 U.S. 460, 472 (1983), and *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 461 (1989). Under those cases, a state statute or regulation creates a procedurally protected liberty interest if it sets forth "'substantive predicates' to govern official decision making" and also contains "explicitly mandatory language," i.e., a specific directive to the decisionmaker that mandates a particular outcome if the substantive predicates have been met. *Thompson*, 490 U.S. at 462–63 (quoting *Hewitt*, 459 U.S. at 472).

Plaintiff's prior two complaints involved allegations regarding food at the jail. The instant complaint no longer presents that claim. Instead, Plaintiff states that he was fighting with two other detainees, when Defendant Deputy Chwin yelled at them to stop fighting and then pepper sprayed all three of them. Plaintiff contends that he was no longer fighting, instead he was blocking punches when the pepper spraying occurred. Five minutes later Plaintiff was taken to a disciplinary unit without a hearing. Plaintiff was provided a hearing several days later with Defendant Ibarra. He was not provided a shower to wash off the pepper spray for three days.

Liberally construed, Plaintiff's allegation of excessive force against Chwin for the peppery spraying is sufficient to proceed. The remaining claims are dismissed with leave to amend to provide more information. For the due process claim, Plaintiff must describe how placement in a disciplinary cell immediately after the fight was a punishment and what due process protections he was entitled to at that time. For the hearing that occurred a few days later, Plaintiff must describe what punishment he received as the deprivation must constitute a punishment or if a liberty interest was implicated. He must also describe how his rights were violated at that hearing.

United States District Court
Northern District of California

To the extent that Plaintiff seeks to raise a separate medical claim regarding not being provided a shower for three days after the pepper spraying, he must present specific facts, identify the Defendant responsible, describe how the individual made a decision that put him at risk of suffering harm, what reasonable measures were not taken, and what injury he suffered. Plaintiff my choose to only proceed with the excessive force claim and voluntarily dismiss the remaining claims or he may file a third amended complaint to address the deficiencies noted above. This will likely be Plaintiff's last opportunity to amend.

**CONCLUSION**

1. The miscellaneous motions (dkts. 18, 19, 20) are **DISMISSED** as moot. The Court has reviewed the second amended complaint and the relevant exhibits. The second amended complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The third amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed, and it must include the caption and civil case number used in this order and the words "THIRD AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the original Complaint by reference. Failure to amend within the designated time will result in this case only proceeding with the excessive force claim.

2. It is Plaintiff's responsibility to prosecute this case. He must keep the court informed of any change of address by filing a separate paper with the clerk, headered "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: August 24, 2026

ROBERT M. ILLMAN
United States Magistrate Judge