United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVEN MICHAEL WISE,
Plaintiff,

v.

ARAMARK, et al.,
Defendants.

Case No. 26-cv-01408-HSG

**ORDER OF PARTIAL SERVICE; DISMISSING CERTAIN CLAIMS AND DEFENDANTS WITH PREJUDICE; DENYING SUMMARY JUDGMENT MOTION; DENYING DEMAND THAT COURT ORDER UNITED STATES MARSHAL TO EFFECT SERVICE**

Re: Dkt. Nos. 25, 26

Plaintiff has filed a *pro se* action pursuant to 42 U.S.C. § 1983 regarding events that happened at San Francisco County Jail, where he was previously housed.[1] On August 24, 2026, the Court screened the second amended complaint ("SAC"). Dkt. No. 22. The Court found that the SAC's allegation that defendant San Francisco Sheriff's Department deputy Chwin used pepper spray on Plaintiff when Plaintiff was no longer fighting stated a cognizable excessive force claim. Dkt. No. 22 at 3. The Court dismissed the remaining due process and medical needs claims with leave to amend. Dkt. No. 22 at 3-4. The Court cautioned that it would likely be Plaintiff's last opportunity to amend, as the Court had already granted Plaintiff two opportunities to amend. Dkt. No. 22 at 4. The Court ordered Plaintiff to file a third amended complaint by September 21, 2026, and stated that the failure to file a third amended complaint by this deadline would result in the case proceeding solely on the excessive force claim. Dkt. No. 22 at 4. The deadline has passed and Plaintiff has not filed a third amended complaint. Plaintiff has, however, filed a motion for summary judgment, Dkt. No. 25, and a motion demanding that the Court order

[1] Plaintiff is currently housed in Carson City County Jail in Carson City, Nevada. Dkt. No. 21 at 1.

United States District Court
Northern District of California

the United States Marshal to serve Defendants, Dkt. No. 26. In light of the foregoing, the Court ORDERS as follows.

1. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the operative complaint (Dkt. No. 21), the screening order (Dkt. No. 22), and this order upon San Francisco Sheriff's Department Deputy Chwin #2585, at San Francisco County Jail, 425 7th St, San Francisco, CA 94103. Courtesy copies of the operative complaint (Dkt. No. 21), the screening order (Dkt. No. 22), and this order shall also be mailed to the San Francisco City Attorney's Office at Room 234, 1 Dr. Carlton B. Goodlett Place, San Francisco, CA 94102.

2. As detailed in the Court's August 24, 2026 screening order, the operative complaint states a cognizable excessive force claim against San Francisco Sheriff's Department Deputy Chwin #2585. The excessive force claim arises either under the Eighth Amendment or the Fourteenth Amendment, depending on whether, at the time of the use of force, Plaintiff was a pretrial detainee or incarcerated pursuant to a conviction. *Kingsley v. Hendrickson*, 576 U.S. 389, 397-402 (2015) (distinguishing excessive force claims brought by pretrial detainees under Fourteenth Amendment from those brought by convicted prisoners under Eighth Amendment).

3. The remaining claims and defendants are DISMISSED from this action with prejudice.

4. The Court DENIES as premature Plaintiff's motion for summary judgment. Dkt. No. 25. Defendant Chwin has not yet been served. Plaintiff may move for summary judgment against defendant Chwin after service has been effected.

5. The Court DENIES as moot Plaintiff's motion demanding that the Court order the United States Marshal to serve all Defendants. Dkt. No. 26.

6. To expedite the resolution of this case, the Court orders as follows:

a. No later than 91 days from the date this order is filed, Defendant must file and serve a motion for summary judgment or other dispositive motion. If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant must inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by

United States District Court
Northern District of California

a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[2]

b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendant no later than 28 days from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

c. Defendant shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

7. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v.*

[2] If Defendant asserts that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendant must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

*Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A). (The *Rand* notice above does not excuse Defendant's obligation to serve said notice again concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939).

8. All communications by Plaintiff with the Court must be served on Defendant's counsel by mailing a true copy of the document to Defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until Defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendant but once Defendant is represented by counsel, all documents must be mailed to counsel rather than directly to Defendant.

9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

10. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

11. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

12. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: November 24, 2026

Haywood S. Gilliam, Jr.

HAYWOOD S. GILLIAM, JR.
United States District Judge